SO ORDERED: May 2, 2012.



*Basil H. Lorch III* (signature)

**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| DEBRA KAY ROSEN, | ) | CASE NO. 11-07651-BHL-7 |
|     Debtor. | ) | |
| _____ | ) | |
| MONTGOMERY COUNTY, | ) | |
| INDIANA, | ) | |
|     Plaintiff, | ) | |
| v. | ) | ADV. NO. 11-50336 |
| | ) | |
| DEBRA KAY ROSEN, | ) | |
|     Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF DEFENDANT**

This adversary proceeding was initiated by the filing of a **Verified Complaint of Nondischargeability of Debt** on October 4, 2011. It came before the Court for a telephonic pretrial conference on December 1, 2011, at which time the parties were given ninety (90) days to present stipulations and argument to the Court. **Joint Stipulations of Fact** were filed on January 27, 2012. It now comes before the Court for consideration of **Montgomery County's Motion for Summary Judgment** [Docket # 13] filed on February 29, 2012, and the **Defendant-Debtor's Memorandum**

**of Law** filed on February 29, 2012.

<u>Standard of Review</u>

Summary judgment is mandated where there are no disputed issues of material fact and the movant must prevail as a matter of law. *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party presents a prima facie showing that he is entitled to judgment as a matter of law, the party opposing the motion may not rest upon the mere allegations or denials in its pleadings but must affirmatively show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*, 477 U.S. at 323; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When reviewing facts in support of a motion for summary judgment, a court must construe all facts in the light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-American, Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). The court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but rather to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249.

<u>Discussion</u>

The debt in issue in this proceeding arises out of an Order for Parental Reimbursement issued by the Montgomery Circuit Court on December 21, 2010, in the amount of $5,000.00 in favor of

Montgomery County, Indiana, and against the Debtor, Debra Kay Rosen. That award represents a portion of the expense incurred by the county for housing the Debtor's minor son in an Indiana Juvenile Correctional Facility for 69 days. The Plaintiff contends that this debt fits within the exception to discharge found in § 523(a)(5) of the Bankruptcy Code as a domestic support obligation. The Defendant, however, asserts that the juvenile confinement was punitive and not in the nature of support.

> Section 523(a)(5) excepts from discharge debts for a domestic support obligation that are:
>
> (A) owed to or recoverable by --
>     (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>     (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of --
>     (i) a separation agreement, divorce decree, or property settlement agreement;
>     (ii) an order of a court of record; or
>     (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A). Each of the foregoing statutory requirements must be met in order for the obligation to be considered a domestic support obligation. While the Order of Parental Reimbursement seems to fit within three of the four requirements, the parties dispute whether it is in the nature of alimony, maintenance, or support.

Significantly, as noted by the Defendant, there isn't a single reported decision which holds that a debt for parental reimbursement of this nature fits within the exception laid out in 523(a)(5). The only reported cases, in fact, hold to the contrary. Nevertheless, because those cases are based

on pre-BAPCPA law, they aren't dispositive of the issue. Therefore, the question remains whether reimbursement costs assessed against a parent for expenses incurred by for county for a minor's detention in a juvenile facility are in the nature of alimony, maintenance, or support.

While the County necessarily provided for the support of the minor during the 69 days that he was detained in the juvenile facility, an involuntary detention in a juvenile facility hardly seems to fit within the purpose and spirit of the statute. When the Seventh Circuit considered this question under pre-BAPCPA law, it concluded that the debt was dischargeable since it was not owed to a spouse, former spouse or child of the debtor. *In re Platter*, 140 F.3d 676 (1998). But more specifically, it stated that "[t]he underlying obligation in this case is Indiana's statutory requirement that the parent reimburse DFCS for its expenses. . . . [thus] the ultimate purpose of this proceeding is not to provide the debtor's child with support; it is to provide DFCS with reimbursement for its efforts." *Id.* at 683. The Court continued, "[w]hile we agree that 'dischargeability must be determined by the substance of the liability rather than its form,' we do not believe that the substance of Platter's liability satisfies § 523(a)(5); thus, we wholeheartedly reject its invitation to ignore provisions of the Bankruptcy Code." *Id.* (citation omitted).

This Court, finding that the Order for Parental Reimbursement is not in the nature of support, holds that the debt is not excepted from discharge by virtue of 11 U.S.C. § 523(a)(5). The Plaintiff's **Motion for Summary Judgment** is, therefore, **DENIED**, and judgment is entered in favor of the Defendant in accordance herewith.

###